UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW L. WHITE,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>DAVE DAVEY,<br><br>　　　　　Respondent. | No. 2:14-cv-1427-EFB P<br><br><br><br><br>ORDER |

Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has filed a motion to stay the proceedings, ECF No. 10, and a motion to amend his petition, ECF No. 20. Respondent filed a response to petitioner's motion to stay. ECF No. 14. For the reasons that follow, petitioner's motion to stay the proceedings (ECF No. 10) is denied; construed as a motion to amend his petition, however, the motion is granted with respect to petitioner's prosecutorial misconduct claim but denied as to his Fourth Amendment and ineffective assistance of counsel claims. Petitioner's motion to amend (ECF No. 20) is denied.

/////

/////

/////

/////

## I. BACKGROUND

A jury convicted petitioner of five counts of robbery, false imprisonment, evading a police officer, and weapon enhancements. ECF No. 1 at 2; ECF No. 23 at 2.[1] On June 25, 2010, a Sacramento County Superior Court judge sentenced petitioner to twenty-six years and eight months in state prison. ECF No. 1 at 2. Petitioner subsequently appealed to the California Court of Appeal for the Third Appellate District ("Court of Appeal") and filed a petition for review in the California Supreme Court. *Id.* at 3, 5.[2] Petitioner did not file any state habeas petitions with respect to his 2010 conviction. *Id.* at 4.

Petitioner filed a federal habeas petition on June 13, 2014. ECF No. 1. His petition raises three claims: (1) he was denied the right to confront and cross examine an "accuser" in violation of the Sixth Amendment; (2) he was denied his Fourteenth Amendment right to a fair trial because photographs that should have been excluded under California Evidence Code section 352 were admitted and used against him; and (3) the trial court judge erred in ruling that the prosecutor had used due diligence in attempting to procure the attendance of a "victim/witness" at petitioner's trial. *Id.* at 7-8. Petitioner's motion to stay identifies three additional claims, ECF No. 10, and his motion to amend identifies one additional claim, ECF No. 20.

## II. PETITIONER'S MOTION TO STAY

A state prisoner must exhaust available state remedies before a federal habeas court will consider his claim. *See* 28 U.S.C. § 2254(b)(1)(A); *see also Rose v. Lundy*, 455 U.S. 509, 520 (1982) ("Our interpretation of §[] 2254(b)[] provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."). This "exhaustion requirement" is met "once the federal claim has been fairly presented to the state courts." *Picard v. Connor*, 404 U.S. 270, 275 (1971).

/////

---

[1] For ease of reference, all citations to court documents are to the pagination assigned via the court's electronic filing system.

[2] According to petitioner, the Court of Appeal ordered that petitioner be resentenced and the California Supreme Court denied the petition for review. *Id.* at 3.

1    A petition containing both exhausted and unexhausted claims is referred to as a "mixed"
2 petition. *Rhines v. Weber*, 544 U.S. 269, 271 (2005). In *Rhines*, the United States Supreme Court
3 addressed "whether a federal district court has discretion to stay [a] mixed petition to allow the
4 petitioner to present his unexhausted claims to the state court in the first instance, and then to
5 return to federal court for review of his perfected petition." *Id.* at 271-72. Here, petitioner seeks
6 a stay pursuant to *Rhines*. *See* ECF No. 10 at 3. His petition, however, is not a "mixed" petition,
7 as it contains only exhausted claims. *See id.* at 2 (stating the pending federal petition is "a
8 plagiarized version" of the brief he filed in the Court of Appeal and the petition in he filed in the
9 California Supreme Court). Thus, a stay pursuant to *Rhines* is not appropriate. *See Jackson v.*
10 *Roe*, 425 F.3d 654, 661 (9th Cir. 2005) (explaining that "*Rhines* applies to stays of mixed
11 petitions"—not "fully exhausted petitions").

12    Nevertheless, district courts have the discretion to stay proceedings when confronted with
13 a petition that contains only exhausted claims. *Kelly v. Small*, 315 F.3d 1063, 1071 (9th Cir.
14 2002); *see also Scott v. Lewis*, No. C-11-3128 LHK (PR), 2013 WL 2951042, at *1 (N.D. Cal.
15 June 14, 2013) ("It is well-settled that a district court has the discretion to hold in abeyance a
16 petition containing only exhausted claims.").

> A stay should be granted in exceptional cases if: (1) the claims the petition seeks to pursue are cognizable under § 2254; (2) there is a likelihood of prejudice to the petitioner should a stay be denied; and (3) there is no evidence that the motion for a stay is brought to delay, to vex, or harass, or that the request is an abuse of the writ.

21 *Id.* (citing *Fetterly v. Paskett*, 997 F.2d 1295, 1301-02 (9th Cir. 1993)).

22    Petitioner requests a stay of the proceedings so that he can exhaust three claims: (1)
23 "Fourth Amend U.S. Const against invasion of privacy and illegal search incident to an arrest[,]"
24 (2) "Sixth Amend U.S. Const ineffective assistance to counsel, which resulted in defendant not
25 being a fair trial under the Fourteenth Amend U.S. Const[,]" and (3) "prosecutor misconduct
26 which resulted in defendant's denial of a fair trial under the Fourteenth Amend. U.S. Const."
27 /////
28

3

ECF No. 10 at 2, 5. Respondent contends that none of the claims identified in petitioner's motion warrants a stay. ECF No. 14.

### A. Petitioner's Fourth Amendment Claim

Respondent opposes staying the proceedings while petitioner exhausts the Fourth Amendment claim because, given that this court cannot grant habeas relief on a Fourth Amendment claim, exhaustion of the claim would be futile. *Id.* at 6-7 (citing *Stone v. Powell*, 428 U.S. 465, 494-495 (1976)). Although respondent oversimplifies the law, petitioner's Fourth Amendment claim does not warrant a stay. In *Stone*, the United States Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. at 494. Here, there is no indication that petitioner did not have a full and fair opportunity to litigate his Fourth Amendment claim in state court. Accordingly, petitioner's claim is barred in this federal habeas proceeding. Because the claim is not cognizable, the court denies petitioner's motion to stay with respect to his Fourth Amendment claim.

In his reply to respondent's opposition, petitioner argues that his Fourth Amendment claim "may not be cognizable in federal habeas review but it is in state habeas review," and that he should therefore "be allowed the opportunity to vindicate" his Fourth Amendment rights in state court. ECF No. 15 at 4. Petitioner's argument, however, is not relevant to his motion to stay this federal habeas proceeding; even if the claim were exhausted, this court cannot grant habeas corpus relief on the claim absent evidence that petitioner did not have a full and fair opportunity to litigate that claim in state court. Such a ruling does not preclude petitioner from attempting to vindicate his Fourth Amendment rights in state court.

### B. Petitioner's Ineffective Assistance of Counsel Claim

Respondent concedes that, liberally construed, the second claim in petitioner's motion refers to the ineffective assistance of counsel claim that petitioner "presented below" on direct appeal. ECF No. 14 at 7. Respondent explains: "On direct appeal, Petitioner wrote that 'Defense counsel failed to properly investigate photos' which were admitted in the prosecution's case.

4

Because this single sentence was Petitioner's entire ineffective-assistance argument, the court of appeal declined to address the claim." *Id.* at 7 (citations omitted).

Respondent argues that a stay is not warranted because "[p]etitioner makes no showing of good cause for failing to properly bring this second claim below." *Id.* There are several problems with the argument. First, if the ineffective assistance of counsel claim raised in petitioner's motion to stay refers "to the ineffective assistance argument [that petitioner] *presented below*," ECF No. 14 at 7, a stay to allow petitioner to exhaust that claim would be entirely unnecessary. Stated otherwise: there would be no need to stay the proceedings and allow petitioner to exhaust a claim that he has already exhausted. Second, as explained below, respondent's summary of the ineffective assistance of counsel argument that petitioner raised in the state courts is incomplete. Third, respondent's argument suggests that, although petitioner presented the claim in his direct appeal to the Court of Appeal, petitioner did so "improperly" because neither the Court of Appeal nor the California Supreme Court addressed the claim in an opinion. As explained below, whether a petitioner fairly presents a claim to the state courts is not dependent on whether the state courts addressed the claim in an opinion. Nevertheless, the court finds that petitioner has not fairly presented the claim, and that the claim is therefore unexhausted.

As noted above, the "exhaustion requirement" is met "once the federal claim has been fairly presented to the state courts." *Picard*, 404 U.S. at 275.

> In order to "fairly present" an issue to a state court, a petitioner must "present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief." *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009). As a general matter, each "unrelated alleged instance [ ] of counsel's ineffectiveness" is a separate claim for purposes of exhaustion. *Moormann v. Schriro*, 426 F.3d 1044, 1056 (9th Cir. 2005).

*Gulbrandson v. Ryan*, 738 F.3d 976, 992 (9th Cir. 2013); *see also Moormann*, 426 F.3d at 1056 (explaining that while a petitioner who "presented a particular claim" would not be barred from later "develop[ing] additional facts supporting that particular claim," "[t]his does not mean . . . that a petitioner who presented any ineffective assistance of counsel claim below can later add

5

unrelated alleged instances of counsel's ineffectiveness to [that] claim."); *Carriger v. Lewis*, 971 F.2d 329, 333 (9th Cir. 1992) (en banc) (holding that an ineffective assistance of counsel claim based on counsel's alleged failure to vigorously cross-examine a witness did not exhaust ineffective assistance of counsel claims based on other independent omissions).

A petitioner may "fairly present" and exhaust a claim by citing an appellate opinion that analyzes a federal constitutional issue. *See Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). However,

> For a federal issue to be presented by the citation of a state decision dealing with both state and federal issues relevant to the claim, the citation must be accompanied by some clear indication that the case involves federal issues. Where . . . the citation to the state case has no signal in the text of the brief that the petitioner raises federal claims or relies on state law cases that resolve federal issues, the federal claim is not fairly presented.

*Casey v. Moore*, 386 F.3d 896, 912 n.13 (9th Cir. 2004); *accord Arrendondo v. Neven*, 763 F.3d 1122, 1138 (9th Cir. 2014).

In his direct appeal to the Court of Appeal, petitioner argued that two photographs should not have been admitted at his trial. Lodg. Doc. 10 at 6-7.[3] He then concluded that "Defense counsel failed to properly investigate photos." *Id.* at 7. Petitioner supported his argument with citations to a section of the California Evidence Code and three cases, one of which was *In re Jones*, 13 Cal. 4th 552 (1996). *Id.* In *Jones*, the California Supreme Court applied *Strickland v. Washington*, 466 U.S. 668 (1984) and found that petitioner was deprived of the effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution. 13 Cal. 4th at 559.[4] Specifically, the California Supreme Court found in *Jones* that defense counsel's pretrial investigation was "clearly inadequate" and that his errors at trial (for example,

---

[3] Respondent lodged thirteen documents with the court ("Lodg. Docs."). *See* ECF No. 18. Citations to the lodged documents are to the documents' original pagination.

[4] In *Strickland*, the United States Supreme Court held that "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." 466 U.S. at 686.

1    failing to argue that damaging evidence was inadmissible) led to the improper introduction of

2    prejudicial evidence. *Id.* at 564, 567.

3          The sentence in the petition that "Defense counsel failed to properly investigate photos"

4    did not fairly present a Sixth Amendment ineffective assistance of counsel claim to the Court of

5    Appeal. *See Wood v. Ryan*, 693 F.3d 1104, 1121 (9th Cir. 2012) ("Wood discussed the denial of

6    the funding request only in his description of the trial court's proceedings; he did not argue that

7    the denial of the funding request violated his constitutional rights. This passing reference was not

8    sufficient to fairly alert the Arizona Supreme Court to this claim."). Nor did petitioner fairly

9    present such a claim by citing *Jones*, as his citation was not "accompanied by some clear

10   indication that the case involve[d] federal issues." *Casey*, 386 F.3d at 912 n.13. Thus, petitioner's

11   brief to the Court of Appeal did not fairly present his claim that counsel was constitutionally

12   deficient for failing to investigate photographs.

13         The petition for review in the California Supreme Court also did not fairly present the

14   ineffective assistance of counsel argument that petitioner now seeks leave to exhaust. That

15   petition argued:

> Defendants attorney knew the dates and time stamped on these photos. He also knew the item or items in the photos weren't the items took in the robberies. But when counsel filed his motion in limine he stated he didn't know the dates/times photo were took. He didn't tell the court that these dates were not the dates which robberies occurred or that the items listed in police report as being stolen are not the items in the photo. This in it self made counsel ineffective with respect to the photos.

Lodg. Doc. 12 at 15. Petitioner did not include any citations to this argument.

      Thus, petitioner did not fairly present to either the Court of Appeal or the California Supreme Court his claim that counsel was ineffective for failing to investigate the photographs. The issue, then, is whether the court should stay the proceedings and allow petitioner to exhaust the claim in the state courts.

      Petitioner's Sixth Amendment claim appears to be based on defense counsel's failure to "properly investigate" and seek to have excluded from trial photographs found on a cellular

7

phone that petitioner had in his possession at the time of arrest. *See* Lodg. Doc. 10 at 7; Lodg. Doc. 12 at 15. But petitioner has not explained how counsel's investigation was deficient. As to performance at trial, petitioner contends that counsel did not inform the court that the dates timestamped on the photographs "were not the dates [on] which the robberies occurred" or that the subjects of the photograph are different from the items described in the police report. Lodg. Doc. 12 at 15. Not only has petitioner not provided any support for the conclusory claim that trial counsel's investigation of the photographs was constitutionally deficient, but the claim is undermined by the allegations in his petition for review to the California Supreme Court. *See id.* ("Defendants attorney knew the dates and time stamped on these photos. He also knew the item or items in the photos weren't the items took in the robberies."). The claim is also undermined by the written motion in limine that defense counsel submitted to the court, which stated:

> Defendant's Motion in Limine #4: To Exclude Photographs Found in Cell Phone
>
> At the time of his arrest, Mr. White had a cell phone in his possession. Photographs stored in this cell phone include on picture of cash and another showing alcohol, cigarettes and rolled coins. It is unknown when, where and under what circumstances they were taken. It is unknown whether that particular cell phone took the photos or if they were downloaded or otherwise transferred to that phone. Even if the cell phone took the photos, it is unknown who had possession of the phone at the time. It is unknown who took the photos. In short, the People cannot lay a proper foundation to admit the photographs into evidence. Without proper foundation, admitting them would be unduly inflammatory, prejudicial and should be excluded under Evidence Code Section 352.

Lodg. Doc. 1 (Clerk's Trans. on Appeal, Vol. I, at 239).

Trial counsel advanced those theories at oral argument before trial. Lodg. Doc. 7 at 14-19. Nevertheless, the trial court judge found the photographs were admissible, explaining:

> The evidence is clearly relevant. Prejudicial, yes. But the phone is in Mr. White's possession. The items in the phone - - the pictures are *similar* to the items taken in the robbery. He has the phone on him, there's pictures of him in the phone.

1  *Id.* at 18-19 (emphasis added).  Thus, counsel could not have been constitutionally deficient for

2  failing to "tell the court . . . that the items listed in [the] police report as being stolen [were] not

3  the items in the photo[graphs]," when the trial court judge acknowledged that the photographs

4  depicted items that were *similar* to the items taken in the robbery in denying the motion in

5  limine.[5]

6  Because petitioner's ineffective assistance of counsel claim is without merit, denying

7  petitioner's motion to stay as to that claim will not prejudice petitioner.

8       **C.**     **Petitioner's Prosecutorial Misconduct Claim**

9  As to the third claim in petitioner's motion, respondent "construes [it] to be the same as

10 the prosecutorial misconduct arguments" that petitioner presented to the state courts in his direct

11 appeal.  ECF No. 14 at 8-9.  The court similarly construes the third claim in petitioner's motion

12 and finds that he has exhausted the claim.  Because petitioner has exhausted that claim, a stay for

13 the purpose of exhaustion is unnecessary.

14      **D.**     **Construing Petitioner's Motion to Stay as a Motion to Amend**

15 Respondent's opposition also notes that petitioner's motion to stay "may be generously

16 construed as a request to amend his petition to add the new three claims."  ECF No. 14 at 9; *cf.*

17 *Woods v. Carey*, 525 F. 3d 886, 890 (9th Cir. 2008) (holding "that the district court should have

18 construed Woods's pro se habeas petition as a motion to amend his pending habeas petition"

19 because pro se filings are to be liberally construed); *Beaty v. Schriro*, 554 F. 3d 780, 782 (9th Cir.

20 2009) (distinguishing *Woods* on the grounds that the petitioner in *Woods* was proceeding pro se

21 and, "[m]ore importantly," had filed what was construed as a motion to amend before the district

22 court had acted on the original petition).  Respondent opposes amendment of the first two claims

23 in petitioner's motion, but does not oppose petitioner amending his petition with the third claim

24 (i.e., the prosecutorial misconduct claim).  ECF No. 14 at 9.  Because respondent does not oppose

25 amendment of the exhausted third claim, the court grants petitioner leave to amend his petition to

26 add that claim.  However, petitioner may not amend his petition to add his Fourth Amendment

27

28      [5] Whether they were, in fact, the items take was an issue properly left for the jury.

9

1  and ineffective assistance of counsel claims. Such amendment would be futile. *See Bonin v.*
2  *Calderon*, 59 F. 3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the
3  denial of a motion for leave to amend."). As explained above, this court cannot grant habeas
4  relief on Fourth Amendment claims absent evidence that petitioner did not have a full and fair
5  opportunity to litigate his claim in state court. *See Stone*, 428 U.S. at 494. Similarly, an
6  amendment adding the ineffective assistance of counsel claim would also be futile for the reasons
7  stated above.

### III. MOTION TO AMEND

Petitioner's motion to amend identifies one additional claim: according to petitioner, the trial court sentenced him for both robbery and false imprisonment—even though those crimes were committed in an indivisible transaction—in violation of California Penal Code 654. ECF No. 20 at 2-4.

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. *See Wilson v. Corcoran*, 562 U.S. 1, 16 (2010) (per curiam); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Park v. California*, 202 F.3d 1146, 1149 (9th Cir. 2000); *see also Waddington v. Sarausad*, 555 U.S. 179, 192 n.5 (2009) ("[W]e have repeatedly held that 'it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'"); *Rivera v. Illinois*, 556 U.S. 148, 158 (2009) ("[A] mere error of state law . . . is not a denial of due process") (quoting *Engle v. Isaac*, 456 U.S. 107, 121, n.21 (1982) and Estelle, 502 U.S. at 67, 72-73); *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ( "[A] state court's interpretation of state law . . . binds a federal court sitting in federal habeas"); *Little v. Crawford*, 449 F.3d 1075, 1083 (9th Cir. 2006) (quoting *Estelle*, 502 U.S. at 68). A habeas petitioner may not "transform a state-law issue into a federal one" merely by asserting a violation of the federal constitution. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997).

/////

/////

10

Thus, petitioner's claim that the trial court erred in failing to apply a provision of the California Penal Code is not cognizable in this federal habeas proceeding. Accordingly, his motion to amend his petition to add that claim is denied.

## IV. ORDER

For the reasons stated above, it is hereby ORDERED that:

1. Petitioner's motion to stay (ECF No. 10) is denied.
2. Petitioner's request to add an additional claim (ECF No. 10) is construed as a motion to amend.
3. Construed as a motion to amend, petitioner's motion to stay (ECF No. 10) is granted with respect to petitioner's prosecutorial misconduct claim, but denied as to his Fourth Amendment and ineffective assistance of counsel claims. Petitioner may file an amended petition that includes his prosecutorial misconduct claim within 30 days from the date of this order. The petition must bear the docket number assigned to this action and be styled, "First Amended Petition." The petition must also be complete in itself without reference to any prior petition, and contain only exhausted claims.
4. Petitioner's motion to amend (ECF No. 20) is denied.

DATED: February 10, 2015.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE